IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES BREEN,

      Plaintiff,

v.  Civil Action No. 5:14CV148
                                                      (STAMP)
MOTORISTS MUTUAL INSURANCE COMPANIES
d/b/a MOTORISTS INSURANCE GROUP,

      Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING THE PLAINTIFF'S MOTION TO REMAND**

I. <u>Background</u>

On October 10, 2014, the plaintiff filed this civil action against the defendant, the plaintiff's insurer, in the Circuit Court of Brooke County, West Virginia. The defendant is an insurance company that is incorporated in Ohio, with its principal place of business there as well. The plaintiff claims that on October 11, 2013, a nearby gas explosion damaged his residence. Pursuant to the insurance policy, the plaintiff then filed a claim for damages and submitted it to the defendant. That claim amounted to approximately $36,654.00. The defendant then hired an engineer to dispute the claim, and accordingly denied the plaintiff's claim.

As a result, the plaintiff filed his complaint wherein he alleges four counts. Count I alleges that the defendant breached the contract between the parties by denying the claim. Count II claims that the defendant breached the implied covenant of good faith and fair dealing. Count III alleges that the defendant acted

in bad faith. Finally, Count IV provides that the plaintiff seeks punitive damages. The plaintiff also includes a claim for emotional distress. Regarding damages, the plaintiff seeks general damages, interest, attorneys' fees, punitive damages, and whatever else this Court decides is appropriate.

After the plaintiff filed his complaint, the defendant then filed a notice of removal under diversity jurisdiction. ECF No. 1. Shortly thereafter, the plaintiff filed a motion to remand. ECF No. 6. In his motion to remand, the plaintiff takes issue with the amount in controversy requirement. Specifically, the plaintiff first argues that removal statutes are strictly construed, including the amount in controversy requirement. Second, the plaintiff claims that the defendant failed to meet its burden of proving that the amount in controversy requirement was satisfied. The plaintiff points out that the damages sought in the claim amount to $36,654.00, and that the defendant offered a settlement amount of roughly $13,700.00. In essence, the plaintiff argues that the core amount of the claim and of the damages in this civil action fall well below $75,000.00. Because the defendant failed to satisfy the amount in controversy requirement, the plaintiff seeks this Court to remand this civil action.

The defendant then filed a response in opposition. ECF No. 7. In it, the defendant argues that the plaintiff seeks not only the claim amount of $36,654.00, but also punitive damages, costs, and

fees that cumulatively may satisfy the amount in controversy requirement. Finally, the plaintiff filed a reply where he argues that the defendant continues to ignore the fact that the property damage at issue was estimated to be $36,654.00, well below the $75,000.00 amount required of diversity jurisdiction. For the reasons described below, the plaintiff's motion to remand is granted.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enforcement Tech. Commercialization, Inc., 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v.

Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Alabama Power Co., 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal" (internal citations omitted)). Regarding punitive damages, the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. Cunningham, 2011 WL 1831596, at *2 (citing Landmark Corp. v. Apogee Coal Company, 945 F. Supp. 932 (S.D. W. Va. 1996)).

IV. <u>Discussion</u>

The facts show that the plaintiff is a citizen of West Virginia, and the defendant is a citizen of Ohio with its principal place of business there as well. However, the only issue in dispute is the amount in controversy requirement under 28 U.S.C. § 1441.

Based on the record before this Court, the plaintiff's motion to remand must be granted. The defendant fails to demonstrate that the amount in controversy requirement has been satisfied. In its response in opposition to the plaintiff's motion, the defendant admits that the plaintiff provided a repair estimate for the damage to his home amounting to $36,654.00. ECF No. 7. However, the defendant then argues that "[i]n the event that Plaintiff substantially prevails on his claim, he can recover under West Virginia law his reasonable attorney fees [and] . . . . punitive damages are also recoverable in actions for statutory bad faith." Thus, the defendant argues that when one aggregates the damages that the plaintiff seeks as well as what the plaintiff may receive if successful, then the amount in controversy requirement is satisfied. However, that calculation fails to satisfy the defendant's burden regarding the amount in controversy requirement.

First, as stated earlier, the amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Rather, the court is limited to a consideration of facts on

5

the record at the time of removal. See Lowrey, 483 F.3d at 1213-15. At this time in the civil action, the amount of damages that may or will be recovered is completely unknown and speculative at best. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. See In re Blackwater Security Consulting, LLC, 460 F.3d at 583.

Second, the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. Cunningham, 2011 WL 1831596, at *2. Further, although the plaintiff asserts a claim for punitive damages, that does not "relieve the defendant, as the removing party, of its burden to establish the propriety of removal jurisdiction nor necessarily establish that it is more likely than not that the amount in controversy" will exceed $75,000.00. Wiemers v. Good Samaritan Society, 212 F. Supp. 2d 1042, 1046 (N.D. Iowa 2002). Here, the defendant still fails to demonstrate that the amount in controversy, exclusive of interest and costs, at this time satisfies the requirement under diversity jurisdiction. Therefore, because the defendant only speculates the amount of damages, removal is improper. As stated earlier, removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley, 187 F.3d at 422; Mulcahey, 29 F.3d at 151. Accordingly, the plaintiff's motion is

granted, and the case is remanded to the Circuit Court of Brooke County, West Virginia.

## V. Conclusion

For the reasons set forth above, the plaintiff's motion to remand is GRANTED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     December 16, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE